# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA
# (SOUTHERN DIVISION)

| | |
|---|---|
| HYUNDAI MOTOR AMERICA, INC. and HYUNDAI MOTOR COMPANY,<br><br>    Plaintiffs,<br><br>vs.<br><br>YAHALA TRADING COMPANY dba FOURGREEN AUTO PARTS, a Michigan Limited Liability Company; MOTOR CITY PARTS, an entity of unknown form     Defendants and Counterclaimant. | Case No. 8:19-CV-01413-JVS-DFM<br><br>**CONSENT JUDGMENT AND PERMANENT INJUNCTION** |

1.   Pursuant to the Stipulation for Entry of Consent Judgment and Permanent Injunction between Plaintiffs Hyundai Motor America, Inc. and Hyundai Motor Company ("Plaintiffs" and/or "Hyundai" ), on the one hand, and Defendant Yahala Trading Company LLC dba FourGreen AutoParts ("Defendant" or "FourGreen") on the other (the "Stipulation"), the Court hereby ORDERS, ADJUDICATES and DECREES that judgment and a permanent injunction shall be and hereby is entered

1  on the Complaint and Counterclaims-in-Reply in the above-referenced matter in favor
2  of the Plaintiffs and against FourGreen and on FourGreen's Counter-Claims in favor
3  of Hyundai as Counter-Defendant and against Counterclaimant FourGreen as follows:
4      2.    The Court finds that FourGreen is liable to Plaintiffs for Trademark
5  Infringement (15 U.S.C §1114), False Designation of Origin (15 U.S.C. §§
6  1125(a)(1)(A) and (a)(1)(B)), Trademark Dilution (15 U.S.C. § 1125(c)), Common-
7  Law Unfair Competition and violation of California law, including California
8  Business & Professions Code §17200 under the claims of the Complaint (Dkt. 1) and
9  the claims of the Counterclaims-in-Reply (Dkt. 71) alleging Infringement (15 U.S.C
10 §1114), False Designation of Origin (15 U.S.C. §§ 1125(a)), False Designation of
11 Origin (15 U.S.C. § 125 (a)(1)(B) , Trademark Dilution (15 U.S.C. §1125(c)),
12 Violation of California Grey Market Statute Cal. Civil Code §1797.8, et seq.), Unfair
13 Competition (California Business & Professions Code §17200), Rescission of 2012
14 Agreement (California Civil Code §1797.86), Rescission of 2012 (Failure of
15 Consideration) and Breach of Contract, based on FourGreen's admitted sourcing,
16 importation, distribution, advertisement on the internet, offer for sale, cooperating
17 with and facilitating the importation, offering for sale and sale by third parties and
18 FourGreen's sale of gray market goods, bearing Hyundai's trademarks, as alleged in
19 the Complaint (the "Gray Market Hyundai Branded Parts").
20     3.    FourGreen has acknowledged the validity, ownership, and enforceability
21 of the Hyundai Marks, as defined in the Complaint (Dkt. 1), and the Court accordingly
22 finds that the Hyundai Marks are valid and enforceable and are owned by Hyundai as
23 set forth in the trademark registrations referenced in the Complaint (Dkt. 1).
24     4.    Based on the Stipulation of the parties, the Court finds that FourGreen's
25 infringement of the Hyundai Marks, as defined in the Complaint (Dkt. 1) and the
26 Counterclaims in Reply (Dkt. 71), was willful and that this is an exceptional case
27 under 15 U.S.C. § 1117(a).  The Court therefore rules that Hyundai is entitled to
28

1 recovery of its attorneys' fees and enhanced damages, as authorized under 15 U.S.C. § 1117.

5. The Court has previously granted Hyundai's motions to dismiss, for judgment on the pleadings and/or to strike FourGreen's Counterclaims against Hyundai (Dkt. 33, Dkt. 59, Dkt. 69).  The Court hereby enters judgment in Hyundai's favor on FourGreen's Counterclaims (Dkt. 33, Dkt. 59, Dkt 69).

6. FourGreen has acknowledged that the Plaintiffs do not have an adequate remedy at law and is entitled to the immediate entry of a permanent injunction.

7. **PERMANENT INJUNCTION**.  Upon their receipt of actual notice of this order by personal service or otherwise, Yahala Trading Company LLC dba FourGreen Auto Parts, its predecessors, successors, related entities, including each of their owner(s) or shareholders (including, without limitation, Ali Khalife), members, managers, officers, directors, servants, employees, independent contractors, attorneys, agents, representatives, suppliers, and distributors, and to the extent they are within FourGreen's or Mr. Khalife's control, all other persons or entities acting in concert or participation with FourGreen, are hereby permanently restrained and enjoined from:

    a. misrepresenting in any way the source of origin or the nature or quality of Defendant's Gray Market Hyundai Branded Parts, i.e. non-genuine Hyundai and Genesis automobile replacement service or repair parts and accessories, defined as Hyundai- or Genesis-branded parts that are not sourced through Hyundai Motor America and its Authorized Chain of Distribution for the United States as defined in the Complaint, which includes U.S. Hyundai and Genesis dealers, as genuine, original, OEM, OE, factory or manufacturer's parts, or in any way mispresenting the warranties that apply to or cover, in whole or in part, Defendant's Gray Market Hyundai Branded Parts;

      b.    making, having made, manufacturing, importing, exporting, sourcing, using, distributing, shipping, licensing, offering for sale, selling, developing, displaying, delivering, advertising on the internet or in any other medium, cooperating with or facilitating the sales of Gray Market Hyundai Branded Parts by third parties and/or otherwise marketing, disposing, transferring to any third party, and/or selling any Gray Market Hyundai Branded Parts;

      c.    cooperating with and/or assisting any third party, individual, or entity in making, having made, manufacturing, importing, exporting, sourcing, using, distributing, shipping, licensing, offering for sale, selling, developing, displaying, delivering, advertising on the internet or in any other medium and/or otherwise marketing, disposing and/or selling any Gray Market Hyundai Branded Parts;

      d.    engaging in any conduct that infringes the Hyundai Marks or Genesis trademarks, including without limitation, U.S. Registration No. 1,104,727; U.S. Registration No. 3,991,863; U.S. Registration No. 4,065,195; and U.S. Registration No. 1,569,538, U.S. Registration No. 3531628, U.S. Reg. No. 5238649, or colorable imitation thereof.

8. This Judgment shall be deemed to have been served upon FourGreen at the time of its execution and entry by the Court.

9. The Court finds there is no just reason for delay in entering this Permanent Injunction, and, pursuant to Rule 54(a) of the Federal Rules of Civil Procedure, the Court directs immediate entry of this Permanent Injunction against FourGreen.

10. **DAMAGES:** Pursuant to the Stipulation, Plaintiffs are entitled to recover

4

1 from FourGreen the sum of THREE MILLION DOLLARS ($3,000,000), which
2 represents Plaintiffs' monetary damages, statutory damages, enhanced damages for
3 Defendant's willful conduct, costs, and attorneys' fees, which this Court grants under
4 15 U.S.C. § 1117.

      11. **NO APPEALS AND CONTINUING JURISDICTION**. No appeals shall be taken from this Consent Judgment and Permanent Injunction, and the parties waive all rights to appeal. This Court expressly retains jurisdiction over this matter to enforce any violation of the terms of this Consent Judgment and Permanent Injunction and any related agreement between the parties regarding the resolution of this dispute, including but not limited to the execution and/or enforcement of the Judgment and Permanent Injunction.

      **IT IS SO ORDERED, ADJUDGED AND DECREED** this 17th day of July 2020.

Dated: July 17, 2020

_____
Hon. James V. Selna
UNITED STATES DISTRICT JUDGE